# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORP., et al., | ) 1:06cv0975 OWW DLB )  ) FINDINGS AND RECOMMENDATION ) REGARDING PLAINTIFFS' MOTION FOR ) DEFAULT JUDGMENT )  ) (Document 25) )  )  )  )  )  ) |
| Plaintiffs, | |
| v. | |
| ARTURO NAVARRETE, | |
| Defendant. | |

Plaintiffs Atlantic Recording Corporation, Sony BMG Music Entertainment, Interscope Records and Fonovisa, Inc., ("Plaintiffs") filed the instant motion for default judgment on January 17, 2007. The motion was heard on April 13, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney Thomas Kerr appeared on behalf of Plaintiffs. Defendant Arturo Navarrete ("Defendant") did not file a response to the motion, did not appear at the hearing, and has not otherwise communicated with the Court.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs filed the instant copyright infringement action on July 26, 2006. Plaintiffs allege that Defendant, without permission or consent, used and continues to use an online media distribution system to download Plaintiffs' copyrighted materials and distribute them to the public. Plaintiffs specify nine songs for which they claim infringement, but indicate that his total

collection is much larger. Plaintiffs allege copyright infringement pursuant to 17 U.S.C. § 101 et seq. and seek statutory damages, a permanent injunction, and attorneys' fees and costs.

Defendant was served on August 31, 2006, by substitute service on his wife at their address. Defendant was also served by mail.

On November 28, 2006, the Clerk entered default against Defendant based on his failure to answer the complaint or otherwise appear. Defendant was served with the default on November 30, 2006.

Plaintiffs filed the instant motion for default judgment on February 1, 2007, and seek judgment as follows: (1) minimum statutory damages ($750.00) for each of the nine infringements alleged in the complaint, in the amount of $6,750; (2) a permanent injunction; and (3) costs in the amount of $420.00. Plaintiffs do not seek to recover attorneys' fees.

## **DISCUSSION**

Plaintiffs move for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

To prevail on a claim for copyright infringement under the Copyright Act, Plaintiffs must prove that Defendant violated their exclusive rights as provided by Section 106 of the Copyright Act, which provides, in pertinent part:

> [T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords ... (3) to distribute copies of phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

Section 501 of the Copyright Act provides that "anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118 [of the Copyright Act] ... is an infringer of the copyright or right of the author, as the case may be," and that the "legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(a)-(b).

Plaintiffs allege that they are the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings ("Copyrighted Recordings").  Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.  Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others.  These acts violate Plaintiffs' exclusive rights of reproduction and distribution and his acts constitute infringement of

Plaintiffs' copyrights. Plaintiffs further allege that these acts of infringement have been willful and intentional, in disregard of, and with indifference to, the rights of Plaintiffs.

With the entry of default, this Court may accept the factual allegations of Plaintiffs' complaint as true. Based on Plaintiffs' uncontested allegations, they are entitled to relief as requested pursuant to Sections 502, 504 and 505 of the Copyright Act.

## RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiffs' motion for default judgment in favor of Plaintiffs and against Defendant Arturo Navarrete be GRANTED;

2. Plaintiffs be AWARDED statutory damages in the amount of $6,750.00, which represents the statutory minimum of $750.00 for each of the nine alleged infringements. 17 U.S.C. § 504(a);

3. Plaintiffs be GRANTED the following permanent injunction pursuant to 17 U.S.C. § 502:

   Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant shall also destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

4. Plaintiffs be AWARDED costs in the amount of $420.00 pursuant to 17 U.S.C. § 505.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file

written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **April 19, 2007**              **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE